BEFORE THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND R. BROOKS,<br>                Plaintiff<br><br>v.<br><br>MIDWEST HEART GROUP, n/k/a<br>ST. JOHN'S MERCY HEART AND VASCULAR, LLC<br>**SERVE:** Mr. John S. Howard, Registered Agent<br>645 Maryville Center Dr., Suite 100<br>St. Louis County, MO 63141-5846<br>                Defendant | ) Cause No.<br>)<br>) Jury Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 COMPLAINT OF DAMAGES

COMES NOW Plaintiff by and through the Law Offices of David R. Swimmer, his Attorneys, and for her Cause of Action against Defendant herein, states as follows:

1. That this Action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended for Employment Discrimination and Damages which flow therefrom; Jurisdiction is specifically conferred on this Honorable Court by 42 USCA 2000e-5; venue is proper in this District under 42 USCA 2000e-5(f)(3).

2. That at times complained of herein, Plaintiff resided at 2965 Delaware Dr., Florissant (St. Louis County) MO 63033-2642 and worked for Defendant and its predecessor since on or about the 3rd day of January, 2006 as an Employee as defined at and in 42 USCA 2000e as well as 42 USC 12111(4), specially identified as a Cardiac Sonographer; Defendant is not only an employer, employer

agency and/or labor organization, as defined at and in 42 USCA 2000e as well as 42 USC 12111(5,A) as a private sector employer engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is also a duly-existing corporate entity who has its place for the transaction of normal business at 755 Dunn Rd., Suite 180, Hazelwood (St. Louis County) MO 63042-1751; that this cause of action occurred and arose at and from that place.

3. That Defendant discriminated against Plaintiff in the matters enumerated *infra* beginning in the winter of 2006 and thereafter as enumerated *infra*.

4. That on or about the 10th day of May, 2007, Plaintiff timely filed charges of Employment Discrimination before the US EEOC in Charge No. 560-2007-01750 charging Defendants with acts of discrimination, as enumerated *infra*.

5. That on or about the 11th day of March, 2010 the Missouri Commission of Human Rights issued a Notice to Right to Sue Document which was received by Plaintiff on or about the 15th day of March, 2010, a copy of which is attached to this Complaint and incorporated by reference as if fully set out herein.

6. That Defendant's employment discrimination acts include but are not limited to Defendant's failure to take corrective, curative and preventive action after being put on Notice by Plaintiff that harassment was occurring and eventually

termination of said employment which occurred on or about the 17th day of April, 2007.

7. That Defendant's employment discrimination acts include but are not limited to Plaintiff's race (African-American), gender (female), age (born October 6, 1964), retaliation (for going to the Defendant about the incidents enumerated below and filing the above Charges with the US EEOC and the MCHR), Defendant was Notified of same for years.

8. That the circumstances under which Defendant, through its employees, agents, servants, and independent contractors, all under Defendant's control, discriminated on and after the Winter of 2006, against Plaintiff for the above factors which include but are not limited to:

    (a) Plaintiff has worked for Defendant and its Corporate Predecessors since on or after the 3rd day of January, 2006 with no prior discipline problems until the injuries and damages from the workplace and Defendant's appointed Suzanne Mehler as Office Manager from the Winter of 2006;

    (b) throughout said Employment, Plaintiff has been subjected to different employment standards whereas white co-workers we so permitted;

    (c) sometime on, around and after the Winter of 2006, Defendant by and through its Agent and Employee Suzanne Mehler told other employees that Defendant "will get rid of blacks";

    (d) after said employment appointment of Ms. Mehler, on, about and after February, 2007, Defendant took away lunch break for Plaintiff whereas

other white employees could shop, tan, and take personal time while on the clock and had Plaintiff report to Ms. Mehler; rather than the rest of the white support staff ordered to work under Martha Watson who said to Plaintiff "Blacks are like Monday, no one likes them";

(e) Plaintiff was only permitted to take lunch breaks when Plaintiff worked with a Caucasian co-worker, such as Kellie Chick;

(f) Ms. Mehler started to "write-up" Plaintiff for being tardy when white employees were not so treated; leaving the building without permission (which was untrue, Dr. Vonrnas used Plaintiff as a coffee butler) and taking a black holiday which holiday was approved 4 ½ months previously by another Defendant's Employee, namely Carla Hundley; Plaintiff requested an Employee Handbook and was told by Defendant's Employee Jessica Hoppe "they don't use handbooks, they just make up whatever rules as they go on";

(g) Defendant refused to give Plaintiff purported 'write-ups' photocopies and was threatened by Ms. Mehler that Plaintiff could sign same immediately or be terminated;

(h) on, about and after the 13th day of April, 2007, Ms. Mehler singularized Plaintiff and ordered Plaintiff to leave her patients in order to go the waiting room to tell other patrons that Plaintiff may be late;

(i) about the same time, Plaintiff was denied to take off for a close uncle's funeral even though other employees such as Kellie Chick were so permitted in that it was "not a part of my PTO per Human Resources";

(j) Defendant's Vicki Copman told Plaintiff repeatedly from October 2006 to April, 2007 "what are you going to do when you lose your job; you know that we are watching all our blacks";

(k) moreover, Plaintiff believes that was paid less than other Caucasian Sonographer with less experience, such as Vicki Copman and Kellie Chick;

(l) Plaintiff was given less of a raise per an Order of Defendant's Dr. Nash by actions of this Suzanne Mehler;

(m) Defendant attempts to single out and discipline Plaintiff for retaliation from all the above;

(n) after this cause of action was filed, on or about the 13th day of April, 2007, Defendant terminated Plaintiff for a factual allegation with no basis, Defendant's Administrative Supervisor Carol Ezell told Plaintiff "we don't care it is the true or a lie, we want you gone";

(o) more than all the above, when Plaintiff told Agents of Defendant all the above, Defendant did nothing other than magnifying the above stress and anxiety of Plaintiff as enumerated *supra*;

(p) Defendant has failed to take corrective, curative and preventive action after being put of notice by Plaintiff of all the above.

9. Even though Plaintiff is aware that these actions involve adverse employment actions, discrimination and illegal harassment, she is unable at this point to delineate, especially without any legal discovery, which operated in what category.

10. That as a direct and proximate result of the above acts of Defendants through their employees, servants, agents and independent contractors all the control of Defendant, Plaintiff has been injured and damaged in the following particulars and aspects:

   a. Plaintiff has been forced to expend and incur the approximate amount of reasonable and fair amounts of expenses to date for the reasonable and necessary medical and emotional treatments, allied care and attention to date for Plaintiff, Plaintiff will be forced and to expend and incur further amounts for similar services for a presently indeterminate time in the future;

   b. Plaintiff lost time, wages, pension and benefits, compared to other similarly-situated employees of Defendant, as well as Plaintiff's ability to be employed; Plaintiff will be forced to expend and incur further amounts for similar losses for a presently indeterminate time in the future;

   c. Plaintiff has been disabled and impaired from each and every social and family activity to date; Plaintiff will be forced to incur further losses for a presently indeterminate time in the future;

   d. Plaintiff has endured pain and suffering from each and every item above to date; Plaintiffs will be forced to incur further losses for a presently indeterminate time in the future.

11. That as a direct and proximate result, Plaintiff prays judgments against Defendant in reasonable and fair amounts over seventy-five thousand dollars ($75,000.00).

WHEREFORE, Complaint prays on this cause of action that this Honorable Court order such relief as is necessary make Plaintiff, including but limited to damages for loss of pay and benefits, pecuniary loss, non-pecuniary loss, all other compensatory damages, including loss of career, back pay, front pay, statutory liquidated damages due to Defendant's above conduct, for full back pay, seniority and benefits, for medical and emotional health treatments, damages as enumerated in Paragraph 10 *supra,* further for attorney's fees, court costs, suit monies and for whatever relief as this Honorable Court deems meet and proper herein.

                                              **LAW OFFICES OF DAVID R. SWIMMER**

                                              */s/ David R. Swimmer*
                                              By David R. Swimmer, FedID#12933
                                              231 S. Bemiston, Suite 800
                                              St. Louis/Clayton, MO  63105-1925
                                              314/854-1345: telephone
                                              314/854-9118: facsimile
                                              dswimmer@juno.com: **e-mail**
                                              Attorney for Plaintiff herein

 

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| JEREMIAH W. (JAY) NIXON<br>GOVERNOR | LAWRENCE G. REBMAN<br>DEPARTMENT DIRECTOR | ALVIN CARTER<br>COMMISSION CHAIRPERSON | ALISA WARREN<br>EXECUTIVE DIRECTOR |

Rosalind P. Brooks
1887 Mountford Dr.
St. Louis, MO  63033

FE-2/10-11594
Administrative Use/Records

## NOTICE OF RIGHT TO SUE

RE:   Brooks vs. Midwest Heart Group
      FE-2/10-11594    560-2007-01750

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

Pursuant to the Missouri Human Rights Act, your complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The MCHR has been informed that the EEOC has completed their processing of your complaint and issued a notice of your right to sue.

Therefore, the MCHR is also issuing a notice of your right to sue based on the EEOC's processing.

This letter indicates your right to bring a civil action within 90 days of such notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party. You are hereby notified of your right to sue the respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue. Please note that this notice of right to sue has no effect on the suit filing period for any federal claims.

On behalf of the Commission:



Terry Old
Information Support Coordinator
Terry.Old@labor.mo.gov

March 11, 2010
Date

Midwest Heart Group
Mary Jo Lehman
755 Dunn Rd., Suite 160
Hazelwood, MO  63042

David Swimmer
231 S. Bemiston, Suite 800
St. Louis, MO  63105

| ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD.<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | P.O. BOX 1300<br>OZARK, MO 65721-1300<br>FAX: 417-895-6024 | 1410 GENESSEE, SUITE 260<br>KANSAS CITY, MO 64102<br>FAX: 816-889-3582 | 106 ARTHUR STREET<br>SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

Relay Missouri:  800-735-2966
www.labor.mo.gov/mohumanrights     mchr@labor.mo.gov