UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND R. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV805SNLJ |
| ) | |
| MIDWEST HEART GROUP, n/k/a, ) | |
| ST. JOHN'S MERCY HEART AND ) | |
| VASCULAR, L.L.C., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed what appears to be a single count Title VII complaint alleging employment discrimination on the basis of race, age, gender and retaliation. This matter is before the Court on the defendant's motion to dismiss [3], filed August 11, 2010. Responsive pleadings have been filed and the matter is ripe for disposition.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual

allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's

factual allegations."). With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.[1]

In her complaint, plaintiff alleges that she worked for the defendant from January 3, 2006 to April 13, 2007. She alleges that during her employment she was subject to numerous discriminatory acts and ultimately terminated from her employment. She further states that:

> "4. That on or about the 10th day of May, 2007, Plaintiff timely filed charges of Employment Discrimination before the US EEOC in Charge No. 560-2007-01750 charging Defendants with acts of discrimination, as enumerated *infra*."

Plaintiff's Complaint [1], filed May 3, 2010. She further states:

> "5. That on or about the 11th day of March, 2010 the Missouri Commission of Human Rights issued a Notice to Right to Sue Document which was received by Plaintiff on or about the 15th day of March, 2010, a copy of which is attached to this Complaint and incorporated by reference as if fully set out herein."

Plaintiff's Complaint [1]. The only document attached to the plaintiff's complaint is a copy of the Missouri Commission on Human Rights (MCHR) "Notice of Right to Sue", dated March 11, 2010.

The document which the plaintiff repeatedly refers to as her "charge of discrimination" is a Charge of Discrimination Form completed by the plaintiff and signed under "penalty of perjury". Defendant's Exhibit A. The only boxes marked by the plaintiff as to the basis of her discrimination charge are "race" and "sex". In her narrative, plaintiff only sets forth acts of discrimination based upon her race; however, in an attached letter to her Charge of Discrimination

---

[1] Although the pending motion is a motion to dismiss, the Court has considered exhibits submitted by both parties to determine whether the plaintiff's complaint should be dismissed in whole or in part. In reviewing these documents, the Court is only determining whether plaintiff has alleged sufficient facts to establish that she timely filed a charge with the EEOC; and not adjudicating the merits of the facts or resolving factual disputes. *See*, Marez v. Saint-Gobain Containers, Inc., 2009 WL 5220160, #2, n.2 (E.D.Mo. 2009).

Form, she states that she was the only "black female" at defendant's facility. The Charge of Discrimination Form is date-stamped January 28, 2010.[2]

Plaintiff has filed an affidavit in which she attests that she filed a "charge" *pro se* before the EEOC and references the afore-mentioned Charge of Discrimination Form. She further attests that she first met and retained her present attorney on July 12, 2007. Plaintiff further submits for the Court's perusal copies of "Requests by Attorney for Complainant" allegedly sent by plaintiff's attorney to the EEOC regarding plaintiff's "charge of discrimination".[3] On July 26, 2007 plaintiff's attorney allegedly "enters its appearance for Complainant, files Complainant's Questionnaire" and requests copies of all documents in her EEOC file. Plaintiff's Exhibit 2. Plaintiff's Exhibit 2 has a hand-written EEOC No. "506-2007-01750N"[4].

On January 23, 2008 plaintiff allegedly wrote a "Mrs. Cindy Biscelli" of the EEOC in which she states that she has attempted to call Mrs. Biscelli on December 26, 2007, January 21, 2008 and January 22, 2008 and that plaintiff "need[s] for you to send me a letter with the questions you need to ask sense **[sic]** phoning has not worked." Plaintiff's Exhibit 3. Approximately, eighteen (18) months later, on June 16, 2009 plaintiff's counsel allegedly sent a "second requests by complainant" asking for the EEOC file on Ms. Brooks. Plaintiff's Exhibit 4.

---

[2]For clarity sake, Defendant's Exhibit A is a copy of the Charge of Discrimination Form with the EEOC date-stamp of January 28, 2010. Plaintiff has also submitted a copy of the same Charge of Discrimination Form; however, she attests that her copy is from her attorney's file and does not bear the EEOC date-stamp of January 28, 2010.

[3]In her affidavit, plaintiff makes the statement regarding these "requests by attorney for complainant" that "Plaintiff's Attorney filed . . ." these documents presumably with the EEOC. Plaintiff cannot attest to facts she did not witness or have first-hand knowledge. Plaintiff's attorney has not filed an affidavit attesting that he did in fact either personally file or mail these documents to the EEOC. The Court will simply consider these documents as being purportedly drafted by plaintiff's attorney on the dates identified in their certificates of service.

[4]It is unclear to the Court whether the last digit is the letter "N"; however, there is clearly some type of notation.

On or about September 15, 2009 plaintiff sends a letter to her attorney informing him that she had spoken with a "Ms. McFadden" at the EEOC on or about September 10, 2009. Plaintiff's Exhibit 5. She further states that she told Ms. McFadden that she had "filled out the questionnaire in May 2007 and sent it to the EEOC." She further states that Mrs. Biscelli had called her and left a message on plaintiff's answering machine (presumably after plaintiff had allegedly mailed her Charge of Information Form) but that plaintiff had been unable to communicate with Ms. Biscelli by telephone and her letter of January 23, 2008 had gone unanswered. Plaintiff further states that "[w]hen Mrs. Biscelli called me with questions in June 2007 she got my phone number off my paperwork." She further informs her attorney that Ms. McFadden admitted to getting "a request from July 2009" from him but that it was his responsibility "to make sure he corresponds with us." Finally, plaintiff states:

> "I told her that my right to sue letter was denied, Ms. McFadden said,
> `It was denied because we have no paperwork and no charge was filed.'
> Ms. McFadden said she would issue me a right to sue letter but it
> would say dismissal due to no charges filed.' Ms. McFadden said,
> `Mr. Swimmer needs to send all the documents in my file, if he has
> a copy. Mail it to her right away. In turn her Director James Neely will
> go over them and make a decision.'"

Plaintiff's Exhibit 5. Shortly thereafter, on or about September 21, 2009 plaintiff's attorney allegedly forwards to the EEOC a "third requests by the attorney for complainant". Plaintiff's Exhibit 6.[5] Again, plaintiff's counsel simply requested plaintiff's case file from the EEOC. There is no indication that he sent any of the requested documentation with this third request.

On January 30, 2010 plaintiff drafted what is presumably a letter. It is not addressed to anyone nor has any type of salutation. Plaintiff's Exhibit 7. In this letter, plaintiff recounts her

---

[5]Plaintiff's Exhibit 6 references a "June 26, 2007 Request" which the Court presumes is a typo and actually is a reference to the "July 26, 2007 Request". Furthermore, this document has the EEOC No. type-written as "506-2007-01750N".

5

conversation with Ms. McFadden on January 21, 2010. During this conversation, plaintiff handed to Ms. McFadden some unidentified documents (the Court will presume this was the disputed Charge of Information Form with the attached letter of grievance and perhaps her counsel's several requests). Ms. McFadden repeatedly told plaintiff that she had never seen these documents before, that plaintiff's attorney had never sent these documents. She informed the plaintiff that all documents received by the EEOC are date-stamped and logged into the EEOC's computer system. Ms. McFadden told plaintiff that the only document "in the computer is a questioner **[sic]** that's how I got this number." Ms. McFadden made a point of noting to the plaintiff that her copy of the Charge of Information Form was not date-stamped by the EEOC. Plaintiff's Exhibit 7.

On February 5, 2010 plaintiff's attorney wrote Mr. James Neely averring of his problems with the EEOC office in obtaining documents in the past. He further avers that "either these Applications for Notice to File fell through some crack at your Office or that I committed a Federal Felony of Mail Fraud by submitting these Documents." Plaintiff's Exhibit 8. Although this letter references "attachments", no attachments are linked to Plaintiff's Exhibit 8 as filed with the Court. Finally, Plaintiff's Exhibit 8 has a copy of a certified signed return receipt for said letter. On February 8, 2010 Mr. Neely responded to an "inquiry dated October 27, 2009 and received in our office on January 19, 2010 on behalf of Ms. Rosalind Brooks" from U.S. Congressman William Lacy Clay. Plaintiff's Exhibit 9. In his letter, Mr. Neely informs Congressman Clay that plaintiff "filed an inquiry with this office by completing and submitting a questionnaire on May 23, 2007." He further states that the inquiry was reviewed and assigned to an investigator for "the purpose of conducting an interview with Ms. Brooks on July 26, 2007". Mr. Neely further states that all attempts to reach the plaintiff to set up an interview were

unsuccessful and "the inquiry was closed on October 28, 2007".  He further informs Congressman Clay that the EEOC had no further record of any contacts with the plaintiff until "her attorney contacted this office on June 17, 2009" requesting a copy of her file and her right to sue.  Mr. Neely further states that plaintiff's attorney "was advised that no charge had been filed for her and in accordance with the agency's procedures on record keeping, if no charge is filed the records are destroyed within ninety (90) days from the date of closure."  Plaintiff's Exhibit 9.  Finally, Mr. Neely informs Congressman Clay that plaintiff had now provided copies of documents obtained from her attorney and that a charge has been filed for her and she had been issued a Right to Sue letter.  Plaintiff's Exhibit 9.

On February 10, 2010 the EEOC issued its Notice of Right to Sue on behalf of the plaintiff.  Plaintiff's Exhibit 10.  The Notice states: "Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge."  The Notice indicates that the EEOC was terminating its processing of this charge.  Plaintiff's Exhibit 10.

The issue before this Court is two-fold: 1) whether the Charge of Discrimination Information Form (as attached to the plaintiff's complaint) constitutes an actual charge of discrimination properly filed with the EEOC; and 2) if the Charge of Discrimination Information Form does constitute a Charge of Discrimination reviewable by the EEOC, was such "charge" timely filed with the EEOC. Defendant contends that the Charge of Information Form does not constitute a proper charge of discrimination for purposes of adjudication before this Court; however, even if the Court considers it to be a charge of discrimination for purposes of adjudication before this Court, defendant contends that it was not timely filed and therefore, all claims are time-barred.  Finally, defendant contends, in the alternative, that if the Court accepts

7

the Charge of Information Form as a timely charge of discrimination, plaintiff's claims for age discrimination and retaliation must be dismissed since the "charge" fails to encompass these claims and they are not "reasonably-related" to the claims of race and sex raised in her administrative charge. Plaintiff, on the other hand, argues that she did timely file a charge; i.e. the Charge of Information form and that she (and presumably, her attorney) spent almost three (3) years attempting to prompt the EEOC into acting on her "charge".

It is well-established that plaintiff Brooks must file her administrative charge of discrimination within 300 days of the alleged unlawful employment practice.[6] Holland v. Sam's Club, 487 F.3d. 641, 643-44 (8th Cir. 2007). In her complaint, plaintiff contends that she was terminated on April 13, 2007; thus, plaintiff had to file a charge of discrimination with the EEOC on or before February 7, 2008. Plaintiff contends that her Charge Of Discrimination Form constitutes an administrative charge of discrimination, and that it was filed on or about May 10, 2007.

The question then, is whether the intake form constitutes the filing of a charge of discrimination for purposes of the 300-day filing requirement, and if so, the date upon which this "charge of discrimination" was filed.

The Eighth Circuit has consistently held that intake questionnaires which are neither signed under oath nor verified do not satisfy the statutory requirement for an administrative charge of discrimination. Shempert v. Harwick Chemical Corp., 151 F.3d. 793, 796 (8th Cir. 1998); Diez v. Minnesota Min. and Mfg. Co., 88 F.3d. 672 (8th Cir. 1996). However, in Edelman v. Lynchburg College, 535 U.S. 106 (2002), the United States Supreme Court held that

---

[6]In "deferral" states, such as Missouri, wherein a worksharing agreement exists between the EEOC and the Missouri Commission on Human Rights permitting dual-filing, the usual 180 days limitation is extended to 300 days. 42 U.S.C. §2000e-5(e)(1).

a technically flawed charge of discrimination, later perfected, satisfies the 300-day filing requirement. Thus, a Title VII EEOC charge need not be verified within 300 days of the alleged discriminatory conduct so long as some type of complaint meeting the statutory requirements of a charge was filed within 300 days, in which case there could be relation back. Id. The Eastern District of Missouri has held, on several occasions, that Edelman appears to overrule the presumption in the Eighth Circuit that an intake questionnaire or charge information form is not a proper "charge of information"; and that, if the intake questionnaire or charge information form meets the statutory requirements of a charge under Title VII and is signed under penalty of perjury, such forms do qualify as a "charge of discrimination" for purposes of the 300-day filing requirement. Donnelly v. St. John's Mercy Medical Center, et. al., 635 F.Supp.2d. 970, 990-91 (E.D.Mo. 2009); Sifferman v. Board of Regents, Southeast Mo. State Univ., 250 F.Supp.2d. 1139, 1143 (E.D.Mo. 2003); Taylor v. Orscheln Farm and Home, L.L.C., 2009 WL 1576848, *4 (E.D.Mo. 2009); Henry v. Missouri Dept. of Transportation, 2009 WL 995546, *4 (E.D.Mo. 2009).

The plaintiff's Charge of Discrimination Form is signed by the plaintiff under penalty of perjury. Furthermore, the Court finds that the information provided in the form meets the statutory requirements of a charge under Title VII. The Court finds, therefore, that the Charge of Discrimination Form signed by the plaintiff on May 10, 2007, constitutes the filing of a charge with the EEOC.

However, this finding still does not resolve the issue of the timeliness of the filing of this charge. Plaintiff has submitted a copy of her charge which is not date-stamped by the EEOC. Defendant has submitted a copy of the plaintiff's charge which is date-stamped "January 28, 2010". Furthermore, the Right -to-Sue notice clearly states that "[l]ess than 180 days have passed

since the filing of this Charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative process in 180-days from the filing of this Charge." Thus, the EEOC, as of February 10, 2010 (the date of the Right-to-Sue notice) considered plaintiff's charge to have been filed less than 180 days earlier; i.e. more than 300 days following the plaintiff's date of termination.

It is not clear whether plaintiff is arguing for equitable tolling of the filing date of the charge. Her pleading in opposition provides no legal argument other than citing bits and pieces of numerous caselaw. She contends that her exhibits show attempts by her and her counsel to follow-up with the EEOC as to the status of her case. However, these documents show that plaintiff waited approximately six (6) months after her attorney's first request for the file to write the EEOC. Plaintiff's Exhibit 3. Her attorney then waited another six (6) months (and almost a year after his first request for her file) to send a second request for her file. Then, three (3) months after her attorney's second request was allegedly sent (and over 20 months after her first letter to the EEOC), plaintiff finally speaks with an EEOC representative. She concedes that she was repeatedly told that the EEOC did not have any paperwork or any charge for her. She further contends that the EEOC representative admitted to seeing the second request from plaintiff's attorney but no further contact from him. Plaintiff's attorney then sends a third request for her file but provides no paperwork. Plaintiff then presumably wrote her attorney on January 30, 2010 that she had (the week before) personally delivered her paperwork to the EEOC representative. She concedes in this letter, again, that the EEOC representative told her that the EEOC had never received the paperwork and that her attorney never called to follow-up on his alleged requests for her casefile. Plaintiff's Exhibit 7. Meanwhile, it appears that someone contacted Rep. Clay's office and he contacted the EEOC on or about October 27, 2009; however,

it wasn't until February 8, 2010 that the EEOC responded to the Congressman's inquiry on behalf of the plaintiff.[7] Shortly, thereafter, the EEOC processed the charge as of January 28, 2010.

The timely filing of a charge of discrimination with the EEOC is not a jurisdictional prerequisite to filing a federal judicial complaint of discrimination pursuant to Title VII; however, it "is a condition precedent and `like a statue of limitations, is subject to waiver, estoppel, and equitable tolling.'" Dorsey v. Pinnacle Automation Co., 278 F.3d. 830, 835 (8th Cir. 2002) *quoting* Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Russell v. Shop N' Save Warehouse Foods, Inc., 2010 WL 1462086, *4 (E.D.Mo. 2010). Failure to file a timely charge of discrimination with the EEOC renders such claim(s) time-barred. Hutson v.Wells Dairy, Inc., 578 F.3d. 823, 826 (8th Cir. 2009).

This is an extremely close call for the Court to make with regard as to whether the filing date of the plaintiff's charge should be equitably tolled. The EEOC admits it received an intake questionnaire from the plaintiff on or about May 23, 2007; however it required additional information from the plaintiff to process her claim. It further contends that efforts to reach the plaintiff were unsuccessful and it wasn't until June 19, 2009 that it first heard from the plaintiff's attorney. It further contends that it was plaintiff's attorney's responsibility to follow-up with a phone call or some type of direct communication with the EEOC. Plaintiff contends that she made several unsuccessful phone calls to the EEOC, and her written communications were never responded to by the EEOC. Her own letters clearly indicate that despite being told in September 2009 that 1) the EEOC did not have any paperwork on her; and 2) her attorney needed to send

---

[7]The Court notes that in the letter of February 8, 2010 by Director Neely, he states that the Congressman's letter of October 27, 2009 was not received "in our office" until January 19, 2010 - almost 3 months later. It is not clear whether the letter was initially sent to another EEOC office and had to be redirected to the St. Louis office.

right away all her paperwork to the EEOC representative to review; plaintiff's counsel did not send any paperwork but instead sent a third request for a copy of her file and for a Right-to-Sue notice to be issued. Furthermore, plaintiff waited almost three (3) years after she first contends she sent the EEOC her administrative charge, to personally deliver the needed paperwork to the EEOC. [8]

The doctrine of equitable tolling is a narrow doctrine and requires the plaintiff to show that the circumstances negating her timely filing a charge of discrimination were beyond her control. *See*, Iverson v. Ingersoll-Rand Co., 125 Fed.Appx. 73, 77 (8th Cir. 2004) *citing* Jihad v. Hvass, 267 F.3d. 803, 805 (8th Cir. 2001). Here, plaintiff and her counsel were aware that the EEOC needed to speak with her about her claims before it considered filing her intake questionnaire as a charge of discrimination. Yet, both the plaintiff and her counsel waited months, even almost two (2) years between attempts to make written contact with the EEOC. For example, the EEOC attempted to contact the plaintiff between July and October 2007, but she did not make any attempt to return the phone calls until late December 2007/early January 2008. Despite not hearing back from the EEOC, plaintiff's attorney did not try to contact them until June 2009; over two (2) years from when plaintiff claims she sent the EEOC her intake questionnaire, and over eighteen (18) months from when plaintiff informed counsel of her failed attempts to reach the EEOC. Again, plaintiff waits another three (3) months to call the EEOC and in September 2009 is told that there is no file and her attorney needs to send in her paperwork. For whatever reason, counsel fails to send in the paperwork and simply makes another request for her casefile. It isn't until January 2010, over 2 ½ years after plaintiff contends

---

[8]According to Mr. Neely, plaintiff's case was closed on October 28, 2007 and since no charge was filed on her behalf, her "records" i.e. her questionnaire was destroyed within ninety (90) days of the date of closure.

12

she sent the EEOC her intake questionnaire, that plaintiff finally personally delivers the requested paperwork.

Clearly, these were not circumstances out of the control of plaintiff or her counsel. By plaintiff's own exhibits, she and her counsel were extremely dilatory in following up on the status of the plaintiff's "charge". They not only continued to attempt unsuccessful written communication with the EEOC; they allowed for significant amounts of time to pass between these continuing unsuccessful communication attempts. Despite being represented by counsel, it wasn't until almost three (3) years later when plaintiff finally made direct contact with the EEOC and personally delivered the paperwork it requested, that the EEOC could process her charge.

Given plaintiff's failure to sufficiently show circumstances necessitating the application of the doctrine of equitable tolling, and the date-stamp of January 28, 2010 on the plaintiff's Charge of Discrimination Form, the Court finds that the plaintiff's claims of discrimination are time-barred.[9]

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [3] be and is **GRANTED**. Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** and no further action is to be taken.

---

[9]Although not necessary given the Court's findings, the Court also concurs with the defendant's argument that the claims of age discrimination and retaliation are not administratively exhausted as required under both the ADEA and Title VII. Plaintiff's claims of age discrimination and retaliation are not "reasonably related to or like" her claims of sex and race discrimination. Burkhart v. American Railcar Industries, 603 F.3d. 472, 477 (8th Cir. 2010)("Retaliation is a cause of action separate and distinct from sex discrimination."); Carlisle v. Missouri Dept. of Mental Health, 2006 WL 2795349, *2 (E.D.Mo. 2006)(claim of sex discrimination not reasonably related to claims of race and age discrimination). Furthermore, a claim for age discrimination is not actionable under Title VII. Carlisle v. St. Charles School District, 507 F.Supp.2d. 1018, 1027-28 (E.D.Mo. 2007); Reed v. Southwestern Bell, 2007 WL 1378450 (E.D.Mo. 2007).

Dated this   5th    day of November, 2010.

                                                                           UNITED STATES DISTRICT JUDGE